**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)**

| | | |
|---|---|---|
| JAY NEDRY, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:11-CV-878-LMB/IDD |
| | ) | |
| GUNNAR NELSON, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GUNNAR NELSON'S MOTION TO COMPEL DISCOVERY,
PRECLUDE WITNESSES, RECOVER COSTS, AND STRIKE PLAINTIFF
<u>JAY NEDRY'S CLAIMS</u>**

Defendant Gunnar Nelson ("Nelson"), by counsel and pursuant to Federal Rule of Civil

Procedure 37, moves this Court for an Order striking the claims of plaintiff Jay Nedry ("Nedry")

and/or compelling Nedry to provide full and complete responses to Nelson's properly served

discovery requests, precluding Nedry from introducing belatedly and incompletely identified

individuals as witnesses, and compelling Nedry to reimburse Nelson's costs in deposing Robert

Gaynor, and in support thereof states the following:

1. Nedry has sued Defendants Gunnar Nelson ("Nelson") and Kimberly Reed ("Reed")

based upon allegations of defamation *per se*.[1]  Nelson disputes each of Nedry's claims.

2.  On January 13, 2012, Nelson served Nedry with a First Set of Interrogatories and First

Request for Production of Documents.  On January 30, 2012, Nelson served Nedry a Second Set

of Interrogatories.  Each of Nedry's requests sought information and documents relevant to

Nedry's claims and/or Nelson's defenses.

---

[1] On December 22, 2011, this Court entered an Order dismissing Holt Enterprises, Inc. as a party, and dismissing Nedry's counts against Nelson for emotional distress and insulting words. D.E. # 26.  As of the date of this filing, Reed has neither filed a responsive pleading, nor has she been dismissed from this case.

3.   Nedry failed to serve any timely objections to any of Nelson's discovery requests within fifteen (15) days as required by Local Rule 26(C).

4.   On February 16, 2012, Nedry served his objections and responses to Nelson's First Set of Interrogatories and First Request for Production of Documents.   Nedry set forth general objections, which he purported to incorporate into each response, and additionally set forth specific objections to practically every request.   The responses Nedry provided contained little substantive information, and during Nedry's February 21, 2012 deposition, the accuracy of many of these responses was called into question by Nedry himself.   In fact, Nedry indicated during his February 21 deposition that he had never seen his Interrogatory responses, i.e., his responses were prepared by his counsel without Nedry's input.

5.   On February 29, 2012, Nedry served his responses to Nelson's Second Set of Interrogatories.   Nedry again set forth untimely general objections, which he purported to incorporate into each response.

6.   Defense counsel contacted Nedry's counsel on February 22, 2012 to determine whether complete discovery responses to Nelson's first set of discovery requests would be forthcoming.  On February 24, 2012, Nedry's counsel responded that no supplemental responses would be provided until March 1, 2012.

7.   Defense counsel contacted Nedry's counsel on March 1, 2012 to determine whether complete discovery responses to Nelson's Second Set of Interrogatories, without objections, would be forthcoming.  As of the date and time of this filing, defense counsel has not received a response to this e-mail.

8. On March 1, 2012, Nedry served his Supplemental Responses to Nelson's First Set of Interrogatories and First Request for Production of Documents. Nedry failed to produce any additional documents, and many of his responses remain deficient.

9. In his February 16, 2012 responses to Nelson's Interrogatories, Nedry identified five new individuals who purportedly have knowledge related to his claims. Nedry failed to provide complete contact information for each of these individuals. Furthermore, Nedry testified during his deposition that some of the phone numbers were not current, and that some of the names were misspelled.

10. In his March 1, 2012 supplemental responses to Nelson's Interrogatories, Nedry identified three additional individuals who purportedly have knowledge related to his claims. Nedry failed to provide complete contact information for two of these individuals.

11. Nedry should be precluded from introducing any of these eight individuals as witnesses, as his identification of each was belated and/or incomplete.

12. In his initial disclosures and discovery responses, Nedry identified Robert Gaynor as an individual having knowledge related to his claims, and expressly stated that Robert Gaynor had been present at Nelson's September 19, 2008 performance at Jaxx (i.e., the performance about which Nelson made allegedly defamatory statements).

13. Based upon Nedry's representations, defense counsel deposed Robert Gaynor on February 27, 2012. However, during Gaynor's deposition, he testified that he could not recall whether he was present at Nelson's September 19, 2008 performance at Jaxx. Gaynor also testified that he had spoken to Nedry prior to his deposition and advised Nedry that he could not recall whether he was present at Nelson's September 19, 2008 performance at Jaxx. Nedry did not provide this information to defense counsel prior to Gaynor's deposition. If defense counsel

had known that Gaynor could not even recall being at the performance, the deposition would not have been taken.  Accordingly, Nelson is entitled to be reimbursed for the costs incurred in deposing Gaynor.

14.  Pursuant to Fed. R. Civ. P. 37(a)(1), defense counsel certifies that they in good faith attempted to confer with Nedry's counsel in an effort to resolve these matters without court action.

15.  The attached Memorandum is submitted in further support of this Motion.

WHEREFORE, Defendant Gunnar Nelson, by counsel, respectfully requests this Honorable Court for an Order (1) striking Nedry's remaining claims and/or compelling Nedry to provide full and complete responses to Nelson's discovery requests, (2) precluding Nedry from presenting the eight witnesses belatedly and incompletely identified in his Interrogatory responses, and (3) compelling Nedry to reimburse Nelson for the costs incurred in deposing Robert Gaynor.  Nelson further requests such other and additional relief as this Court deems just and appropriate.

Respectfully submitted,

GUNNAR NELSON

By:      _____/s/ Robert E. Draim____
David D. Hudgins, VSB # 20602
Robert E. Draim, VSB # 18635
Lynn M. Rovelli, VSB # 80882
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
703.739.3300; 703.739.3700 fax

4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic filing with the court and sent via regular mail, first-class, postage prepaid this 2nd day of March 2012 to:

Matthew S. McConnell, Esq.
6116 Rolling Road, Suite 209
Springfield, Virginia 22152
*Co-Counsel for Plaintiff(s)*

And by first-class mail only to:

William B. Crockett, Esq.
Dion-Kindem & Crockett
21271 Burbank Boulevard, Suite 100
Woodland Hills, California 91367
*Co-Counsel for Plaintiff(s)*

                                                _____/s/ Robert E. Draim_____
                                                David D. Hudgins, VSB # 20602
                                                Robert Draim, VSB # 18635
                                                Lynn M. Rovelli, VSB # 80882
                                                HUDGINS LAW FIRM
                                                515 King Street, Suite 400
                                                Alexandria, Virginia 22314
                                                703.739.3300; 703.739.3700 fax